UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 09-40-KSF

JOE HAND PROMOTIONS, INC.                                                                    PLAINTIFF

v.                                               **OPINION & ORDER**

BLUE PEARL, LLC, ET AL.                                                                     DEFENDANTS

\* \* \* \* \* \* \* \* \* \* \*

This matter is before the Court on the motions of the defendant, James H. Meredith ("Meredith"), to set aside entry of default, to alter, amend, vacate or set aside order of judgment and for leave to file an untimely response. The plaintiff, Joe Hand Promotions, LLC ("Plaintiff"), opposes both motions. The Court, having reviewed the record and being otherwise sufficiently advised, will grant the motions.

Plaintiff filed this action on February 2, 2009, against Blue Pearl, Inc. d/b/a Blue Line Diner ("Blue Pearl") and Meredith. Plaintiff's complaint alleges that a pay-per-view television program was broadcast at the Blue Line Diner in Lexington, Kentucky – a restaurant formerly owned and operated by Meredith – in violation of 47 U.S.C. § 553 and 605 of the Federal Telecommunications Act of 1934. The Summons returns indicate that both were served in accordance with the Federal Rules of Civil Procedure. Both defendants failed to file an answer and Plaintiff filed motions for entry of default. Neither defendant filed a response to the motions. On April 22, 2009, the Clerk entered default against Blue Pearl and on June 10, 2009, the Clerk entered default against Meredith. The Clerk's entry of default was based on the defendants' failure to plead or otherwise defend. Subsequently, Plaintiff filed motions for default judgment against both defendants. Again, neither

defendant responded and the Court granted the motions and entered default judgment against both defendants in the amount of $110,000, plus attorneys fees and costs on June 30, 2009. Ten days after default judgment was entered, Meredith filed this motion to set aside entry of default pursuant to Federal Rule of Civil Procedure 55(c) and to alter, amend, vacate or set aside order of judgment pursuant to Federal Rule of Civil Procedure 60(b)(1).

The Court's authority to set aside a default judgment is governed by Rules 55(c) and 60(b). While the standards for granting relief under Rule 55(c) and Rule 60(b)(1) differ, the factors to be considered by the Court are similar and include: (1) whether culpable conduct of the defendant led to the default; (2) whether the defendant has a meritorious defense; and (3) whether the plaintiff will be prejudiced. *See United Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F.2d 839, 845 (6th Cir. 1983). An entry of default may be set aside for "good cause shown" pursuant to Rule 55(c) and courts often balance the factors. When relief is sought under Rule 60(b)(1), however, the culpability factor is framed in terms of "mistake, inadvertence, surprise, or excusable neglect" and may be vacated only by satisfying the stricter standards applied to final appealable orders. A "defendant cannot be relieved of a default judgment unless he can demonstrate that his default was the product of mistake, inadvertence, surprise, or excusable neglect." *Waiferson, Ltd. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992).

**1.     Whether Culpable Conduct Led to Default**

Meredith argues that his failure to respond was not culpable conduct. He claims that he sold his interest in Blue Pearl and was "engulfed" in an effort to reestablish steady employment to support his family, and he mistakenly believed that the correspondence about this action related solely to the business. As a result, he believed that he did not need to respond. Plaintiff argues that Meredith's conduct was willful and culpable. As proof, Plaintiff claims that its prior counsel communicated

with two different attorneys claiming to represent Meredith prior to filing the lawsuit but neither agreed to accept service. Consequently, Plaintiff's current counsel filed this action and personally served Meredith with a copy of the complaint, and Meredith failed to respond. Then, Meredith received three separate notices from Plaintiff about the lawsuit – the motion for entry of default, the memorandum in support of Plaintiff's application for default judgment and the motion for default judgment – and still failed to respond. Plaintiff argues that this disregard for the lawsuit establishes that Meredith willingly chose to take no part in the proceedings and his willful and culpable inaction resulted in the default judgment against him.

"Culpable conduct is 'willful misconduct, carelessness or negligence and [is] distinguishable from 'honest mistake.'" *Trustees of Detroit Carpenters Fringe Benefits Funds v. Manninen*, 16 F.3d 1221, 1994 WL 20092 *3 (6th Cir. Jan. 24, 1992)(table). Although Meredith was aware that the lawsuit was filed, he did not understand that he was required to act because he was no longer associated with Blue Pearl. This is a plausible reason for his inaction and it appears that his conduct was an honest mistake. In failing to confront the lawsuit, Meredith did not willfully neglect the legal proceedings against him. The Court notes that "[j]udgment by default is a drastic step which should be resorted to only in the most extreme cases. Where default results from an honest mistake rather than willful misconduct, carelessness or negligence there is especial need to apply Rule 60(b) liberally." *United Coin*, 705 F.2d at 845. Given this liberal application of Rule 60(b) and the unique facts of this case, the Court finds that Meredith's inattention to the lawsuit was the result of excusable neglect. Thus, Meredith has met his burden with regard to the first factor.

2.      **Merit of Proposed Defense**

Meredith has presented a meritorious defense sufficient to set aside default judgment. The merit of a proposed defense is not appraised with respect to the likelihood of its success. Instead,

the Court must determine whether the proposed defense "contains 'even a hint of a suggestion' which, proven at trial would constitute a complete defense." *INVST Financial Group v. Chem-Nuclear Systems*, 815 F.2d 391, 398-99 (6th Cir. 1987)(internal citations omitted). If the proposed defense does, it will constitute a meritorious defense for purposes of Rule 60(b). This liberal rule, however, does not permit a party opposing a default judgment to merely deny the plaintiff's allegations.

Here, Meredith submits several defenses he claims are meritorious. First, he argues that he should not be held personally liable for actions of Blue Pearl because it is a corporate entity and holding him personally liable would be tantamount to piercing the corporate veil. He argues that the requirements for piercing the corporate veil are not present in this case. Second, Meredith argues that any misuse of the signal was not willful so as to justify enhanced damages because he did not know that the requisite fee was not paid. Specifically, he claims that he did not know that his account with Insight Communications charged a residential fee instead of a commercial fee. These defenses, if supported by facts at trial, will be meritorious. Thus, Meredith has satisfied the second factor by presenting a proposed defense that contains "even a hint of a suggestion" which, if proven at trial, would constitute a defense.

**3.     Prejudice to Plaintiff**

Granting relief to Meredith will not result in prejudice to Plaintiff. To succeed under this prong, Plaintiff must show something more than just prejudice as a function of postponement. In other words, mere delay in the resolution of the suit is insufficient to constitute prejudice. *INVST*, 815 F.2d at 398. In the instant case, Plaintiff alleges that setting aside the default judgment would cause prejudice because it has incurred expense in securing the default judgment. This is insufficient to establish undue prejudice because Plaintiff can recover those damages if it is successful on the

merits. The Court finds that the third factor has not be established because Plaintiff failed to establish that it will be prejudiced by setting aside the judgment.

For the foregoing reasons, the Court finds that default judgment and entry of default should be set aside.

Accordingly, **IT IS ORDERED** that Meredith's Motions to Set Aside Entry of Default, to Alter, Amend or Vacate or Set Aside Order of Judgment [DE 23, 24] are **GRANTED**; and

**IT IS FURTHER ORDERED** that Meredith's Motion for Leave to File Untimely Response [DE 25] is **GRANTED**. Meredith shall file a responsive pleading within ten (10) days of entry of this Opinion & Order.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Attorneys Fees [DE 21] is **DENIED AS MOOT**.

This 23rd day of December, 2009.



Signed By:
*Karl S. Forester*  KSF
**United States Senior Judge**